Edwin Martin Weaver, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued June 6, 1980, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Timothy J. Reese,* with him *Xakellis, Perezous & Mongiovi,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for appellee.

OPINION BY JUDGE ROGERS, July 11, 1980:

Edwin Martin Weaver has appealed from an order of the Court of Common Pleas of Lancaster County affirming the action of the Department of Transportation, Bureau of Traffic Safety suspending or revoking his operator's license for six years.

On October 29, 1977, Weaver was involved in an auto accident which resulted in his pleading guilty on March 27, 1978 to charges of violating three sections of the Vehicle Code, 75 Pa. C.S. §101 et seq.: Section 3731, driving under the influence of alcohol or controlled substance; Section 3733, fleeing or attempting to elude a police officer; and Section 3743, leaving the scene of an accident involving damage to an attended vehicle or property.

On May 22, 1978, the Department notified Weaver of the imposition of a suspension of driving privileges for six months for his violation of Section 3731. Later the Department sent Weaver a notice dated June 13, 1978, imposing an additional six-month suspension for the violation of Section 3733 to commence upon the completion of his first suspension. Shortly after sending the second notice, the Department sent a third, dated June 22, 1978, stating that the two earlier noticed violations, in combination with the violation of Section 3743, brought Weaver within the classification of habitual offender of Section 1542, requiring revocation of his driving privileges for five years effective upon the completion of the second of the two consecutive six-month suspensions.

Weaver first says Section 1550 is unconstitutional because the court to which he appealed was limited by Subsection (c) "to determine whether the petitioner is in fact the person" whose license was suspended or revoked.

This argument was anticipated and disposed of in *Department of Transportation v. Quinlan*, 47 Pa. Com-

monwealth Ct. 214, 408 A.2d 173 (1979), where Judge CRAIG wrote:

[T]he Statutory Construction Act of 1972, 1 Pa. C.S. §1922(3) directs that the resolution of statutory ambiguities be consistent with Constitutional principles; the Pennsylvania Constitution, Article V, §9 provides for a right of appeal from an administrative agency to a court of record.

. . . .

To construe the ambiguous provision of Section 1550 within constitutional guidelines, we hold that . . . lower court[s] [are] not limited to a determination of the identification of the licensee; but must hear evidence upon, and reach the merits of the suspension. . . .

47 Pa. Commonwealth Ct. at 218, 408 A.2d at 175. Weaver was afforded a *de novo* hearing before the court below and all of his contentions fully considered.

Weaver's argument that Section 1550 is defective because a Departmental hearing is not provided for is without merit. *Mackey v. Montrym,* U.S. , 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979), *Commonwealth v. Grindlinger,* 7 Pa. Commonwealth Ct. 347, 300 A.2d 95 (1973).

Weaver next says that there is no authority for the Department's imposition of consecutive periods of suspension where there is one event. In a recent case, *Brewster v. Department of Transportation, Bureau of Traffic Safety,* 52 Pa. Commonwealth Ct. 112, 415 A.2d 922 (1980), we addressed the same issue and held that Section 1544 of the Code is authority for just such action. Section 1544 reads in pertinent part:

(b) Additional suspension.—When any person's record shows an additional suspension of the operating privilege assessed during a period of suspension or revocation, the depart-

ment shall extend the existing period of suspension or revocation for the appropriate period and the person shall be so notified in writing.

(c) Revocation during suspension.—When any person's record shows an additional conviction calling for revocation of the operating privilege during a period of suspension, the department shall add the appropriate revocation onto the period of suspension and the person shall be so notified in writing.

See also *Department of Transportation v. VonAltimus*, 49 Pa. Commonwealth Ct. 245, 410 A.2d 1303 (1980), and *Department of Transportation v. Morin*, 30 Pa. Commonwealth Ct. 381, 373 A.2d 1170 (1977).

Weaver next argues that because his convictions stemmed from violations occurring within a period of only ten minutes, he should not have been punished as a habitual offender. This argument questions the meaning of Section 1542 which reads pertinently:

(a) General rule.—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

(b) Offenses enumerated.—Three convictions arising from separate acts of any one or more of the following *offenses committed either singularly or in combination* by any person shall result in such person being designated as a habitual offender: . . . (Emphasis supplied.)

This argument also was raised and dismissed in *Brewster, supra,* where Judge WILKINSON wrote:

> Where . . . the legislature has specifically defined a term, as in Section 1542 it has defined 'habitual offender', this Court may not frustrate the clear legislative intent by interpreting such term according to its usual and customary meaning in disregard of the legislature's intended usage. [T]he requisite offenses for purposes of Section 1542 may be 'committed either singularly or in combination. . . .'

52 Pa. Commonwealth Ct. at 112, 415 A.2d 924.

Weaver's final contention is that Section 1542 offends Article III, §3 of the Pennsylvania Constitution providing: "No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof." Weaver says that the title to Section 1542 appearing in the Table of Contents to the Vehicle Code, "Revocation of habitual offender's license," does not express the fact that the term habitual offender will be defined in the text differently from what he claims is its common meaning—that is, as denoting one who errs often over a period of time. The argument lacks rationality. If accepted, it would place the Legislature in the absurd condition of being unable to provide definitions for the words and phrases it uses which differ in any respect from those of the street without giving prior warning in a Table of Contents.

Order affirmed.

## ORDER

AND Now, this 11th day of July, 1980, the order of the Court of Common Pleas of Lancaster County at Trust Book 44, page 350, dated February 12, 1979, is hereby affirmed.