## Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Michael T. Ebner, Appellee.

Submitted on briefs, April 6, 1981, to Judges MEN-CER, BLATT and MACPHAIL, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Harvey Bartle, III,* Acting Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE MENCER, June 2, 1981:

Before the sun appeared on the morning of February 18, 1978, Michael T. Ebner (Ebner) had embroiled himself in "double trouble."[1] On that date, at approximately 2:10 a.m., he was stopped by a police officer for driving without a license, which is a violation of Section 1501(a) of the Vehicle Code (Code), 75 Pa.

---

[1] "Double, double, toil and trouble, fire burn and cauldron bubble." *Macbeth,* Act IV, Sc. 1.

C. S. §1501(a),[2] and issued Citation No. L-127298. He was thereafter stopped at approximately 5:10 a.m. for the same offense and issued Citation No. L-127363.

Ebner responded to Citation No. L-127363 and was found guilty by a magistrate on June 26, 1978, and the fine imposed was paid. Ebner did not respond to Citation No. L-127298 until the Department of Transportation (Department) took action against him in accord with the provisions of Section 1533 of the Code, 75 Pa. C. S. §1533, *as amended.*[3] Thereafter, Ebner did respond to Citation No. L-127298 and was found guilty by a magistrate on March 19, 1979, and the fine imposed was paid.

When the Department received a certified record of Ebner's conviction relative to Citation No. L-127298, it imposed a 6-month suspension, pursuant to Section 1532(b)(2) of the Code, 75 Pa. C. S. §1532 (b)(2), which, in pertinent part, provides: "The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of a subsequent offense

---

[2] 75 Pa. C. S. §1501(a) reads: "No person, except those expressly exempted, shall drive any motor vehicle upon a highway in this Commonwealth unless the person has a driver's license valid under the provisions of this chapter."

[3] 75 Pa. C. S. §1533 reads:

The department shall suspend the operating privilege of any person who has failed to respond to a citation to appear before a court of competent jurisdiction of this Commonwealth or of any state for violation of this title, other than parking, upon being duly notified in accordance with general rules. There shall be 15 days to respond to such notification before suspension is imposed. The suspension shall be for an indefinte period until such person shall respond and pay any fines and penalties imposed. Such suspension shall be in addition to the requirement of withholding renewal or reinstatement of a violator's driver's license as prescribed in section 1503(c) (relating to persons ineligible for licensing).

under the following provisions: Section 1051(a) (relating to drivers required to be licensed)."

Ebner appealed his 6-month suspension to the Court of Common Pleas of Allegheny County, which sustained his appeal. This appeal followed and we reverse.

The lower court reasoned as follows:

> Since the offense charged by Citation No. L-127298 was the first offense committed by the appellant on February 2, 1978, the conviction thereon cannot be the basis for a suspension since 75 Pa. C.S.A. §1532(b)(2) mandates suspension upon conviction of a *subsequent* offense. The problem obviously stems from the fact that it took so long for the first offense on February 2, 1978 to be prosecuted. Had the offenses charged on February 2, 1978 been prosecuted in the order of their occurrence, the depart would have been correct had it caused a suspension notice to be issued to the appellant based on the later violation of the Code represented by Citation No. L-127363.[4] (Emphasis in original) (footnote added).

The key word in Section 1532(b)(2) for our consideration is the word "subsequent." We must be mindful that statutory language is to be construed within the context of the whole statute, its purposes and the circumstances under which the words were employed, and not in such a manner as to charge the Legislature with rendering impotent the intent of the act.

We conclude that the lower court's interpretation of the word "subsequent" was far too narrow and that

---

[4] The record discloses that February 18, 1978 and not February 2, 1978 was the date on which the offenses charged by Citation No. L-127298 and Citation No. L-127363 were committed.

what was intended by the Legislature was a 6-month suspension upon conviction of an additional offense. It is the *conviction* of another offense that is critical, for until a conviction is obtained there cannot be imposed the penalty provided by Section 1532(b)(2).

President Judge CRUMLISH, writing for this Court in *Department of Transportation v. Morin,* 30 Pa. Commonwealth Ct. 381, 385, 373 A.2d 1170, 1172-73, reasoned:

> That an individual could commit two or more revocable offenses in a short space of time, be convicted and sentenced on different dates, thus causing certification to the Secretary on different dates, and expect that the civil penalties of revocation of necessity run *concurrently* rather than *consecutively,* is inapposite given the dictates of the statute.

> Recognizing the deterrent effect of revocation as sanction for violations of the Code, it is incongruous that a multiple violator should, and could, expect a sanction equivalent to that imposed on a unitary violator. If this were so, there would exist little deterrent, if any, to those who are adjudged guilty of multiple violations of the Code. (Emphasis in original.)

Although the instant case is factually distinguishable from *Morin,* it is likewise incongruous that Ebner, a multiple violator who did not respond, as the law requires, to Citation No. L-127298, would be penalized less than those who committed the same offenses but who did react to the issuance of citations in accordance with the requirements of the law.

We cannot conclude that the Legislature intended that motorists who commit the same number of offenses will not be treated equally under the penalty provisions of the Code. A motor vehicle operator who comes forward and responds to both of the Section

1501(a) citations issued to him will suffer a suspension for his conduct if convicted of those offenses, but one such as Ebner can avoid the suspension by refusing to respond to the first citation. Such a result would encourage citizens to disregard the requirements of the law and reward those who did so. Surely this was not the intention of the Legislature when it enacted Section 1532(b)(2).

Accordingly, we conclude that conviction of a subsequent offense, as used in Section 1532(b)(2), includes a second conviction for a violation of Section 1501(a), notwithstanding that that violation occurred in point of time prior to the time of the violation which led to the initial conviction.

Order reversed.

ORDER

AND Now, this 2nd day of June, 1981, the order of the Court of Common Pleas of Allegheny County, dated September 24, 1979, sustaining the appeal of Michael T. Ebner from a 6-month suspension of his motor vehicle operating privilege, is hereby reversed.