Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Keith Edward Gray, Appellee.

Argued April 6, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Harvey Bartle, III,* Acting Attorney General, for appellant.

*William M. Acker,* for appellee.

Opinion by Judge MacPhail, June 9, 1981:

The Department of Transportation, Bureau of Traffic Safety (Bureau) has appealed from the order of the Court of Common Pleas of Allegheny County which reversed the Bureau's revocation of Keith Gray's (Appellee) driving privileges pursuant to Sections 1542 and 1543 of The Vehicle Code (Code), 75 Pa. C. S. §§1542 and 1543.

The record in this case is, to say the least, confused. Bureau records admitted at the de novo hearing conducted by the Court of Common Pleas of Allegheny County show that Appellee was cited on September 22, 1977 and again on January 6, 1978 for driving too fast for conditions.[1] Appellee's operating privilege was suspended effective July 24, 1978 for failure to respond to the citation issued in September, 1977, pursuant to Section 1533 of the Code, 75 Pa. C. S. §1533. During this suspension Appellee was cited on five separate occasions for driving a vehicle while his operating privilege was suspended, pursuant to Section 1543 of the Code, 75 Pa. C. S. §1543. These citations were issued between November, 1978 and January, 1979. Bureau records also show that Appellee paid fines prescribed for the five violations of Section 1543.[2] Payment by a person charged with a violation of the code of the five imposed for the violation constitutes a plea of guilty. Section 6501(b) of the Code, 75 Pa. C. S. §6501(b). Upon receipt of the records of conviction for three of the Section 1543 violations, the Bureau revoked appellee's operating privilege for three periods of six

---

[1] 75 Pa. C. S. §3361.

[2] Appellee apparently paid two lump sum fines to the district justice but did not have receipts at the time of the hearing to show what fines were paid thereby. Certificates of disposition received by the Bureau state that all fines were paid for the violations.

months as required by Section 1543(b) which provides in part:

The department, upon receiving a certified record of the conviction of any person under this section upon a charge of driving a vehicle while the operating privilege was suspended, shall revoke such privilege for an additional period of six months.

Upon receipt of the record of the fourth conviction, the Bureau revoked Appellee's privilege for an additional five years pursuant to the habitual offender provision of the Code. Section 1542(a) of the Code, 75 Pa. C. S. §1542(a).[3]

Finally, upon receipt of the record of the fifth conviction, the Bureau revoked Appellee's privilege for an additional two years pursuant to Section 1542 (e) of the Code, 75 Pa. C. S. §1542(e).[4] Thus Appellee's operating privileges were revoked for a total of eight and one-half years, effective June 14, 1979.

Appellee appealed the revocations to the court of common pleas[5] which ordered the reduction of Ap-

---

[3] Section 1542(a) provides:

*General rule.* The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A "habitual offender" shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

[4] Section 1542(e) provides:

*Additional offenses.* Any additional offense committed within a period of five years shall result in a revocation for an additional period of two years.

[5] The appeal was filed on June 15, 1979. As the Bureau notes, the appeal of the revocation notice mailed on May 10 was, there-

pellee's eight and one-half year revocation to a one year revocation.[6]

The issue raised in the present appeal is whether the action of the trial court in reducing the revocation period was in error, although we note preliminarily that Appellee in his brief also requests that the trial court's order be reversed because Appellee was improperly determined to be guilty of the crime of operating a vehicle while his license was suspended. Appellee argues that even the one year revocation is therefore invalid. We need not address this argument since Appellee has failed to file a timely appeal from the trial court's order and, therefore, may not seek its reversal.[7] Moreover, even if the issue were properly before us we could not consider the merits since it clearly constitutes a collateral attack on a criminal conviction. As we stated in *Bureau of Traffic Safety v. Grobes*, 45 Pa. Commonwealth Ct. 151, 153, 405 A.2d 588, 589 (1979), "our inquiry should be limited to determining whether Grobes *has*, in fact, been convicted of a traffic violation and whether the Bureau has faithfully observed the provisions of The Vehicle Code. . . . We may not consider the question of whether Grobes *should have* been convicted." (Emphasis in original.)

---

fore, untimely. *See* Section 1550(a) of the Code, 75 Pa. C. S. §1550(a). The other revocation notices were mailed on May 16, June 1, June 11 and June 13, 1979.

[6] The lower court's order refers to the revocations as suspensions. We assume this to have been an unintentional error.

[7] A notice of appeal must be filed within thirty days after the entry of the lower court order. A cross appeal may be filed within the same period or within fourteen days of the date on which the opposing party's notice of appeal was filed, whichever period ends later. Pa. R.A.P. 903. Appellee has filed neither a notice of appeal nor a cross appeal.

Turning to the issue now properly before us, we conclude that the trial court erred when it reduced Appellee's period of revocation.

The trial court's opinion concludes, without reasons in support thereof, that Section 1543(b) of the Code[8] "provides a comprehensive plan" for the treatment of repeated violations of Section 1543 and that the habitual offender provision is inapplicable where "the defendant is subjected to revocation of his operating privileges for a third conviction of violating §1543 when the two prior convictions were for the same offense." As is demonstrated below, the trial court's interpretation of the habitual offender provision as it relates to Section 1543 is clearly in error.

We find nothing in Section 1543(b) which would indicate in any way that it is the exclusive statutory authority for action by the Bureau against an operator's license for repeated violations of Section 1543(a).[9] Rather, when Section 1543(b) is read in conjunction with Sections 1542(a) and 1542(e) it is apparent that until and unless the operator comes

---

[8] Section 1543(b) provides:

*Extending existing suspension or revocation.* The department, upon receiving a certified record of the conviction of any person under this section upon a charge of driving a vehicle while the operating privilege was suspended, shall revoke such privilege for an additional period of six months. If the conviction was upon a charge of driving while the operating privilege was revoked, the department shall revoke the operating privilege for an additional period of one year.

[9] Nor do we find Section 1532(b) of the Code, 75 Pa. C. S. §1532(b) to be in conflict with the Bureau's actions in the instant case. That Section relates to *suspension* of operator's licenses and specifically provides in subsection (3) that it does not affect *revocations* ordered by the Bureau pursuant to Section 1543.

within the provisions of Sections 1542(a) or 1542(e), the Bureau will invoke the provisions of Section 1543(a). When, however, the operator's conduct does bring him within the ambit of Sections 1542(a) or 1542(e), the provisions of Section 1543(b) are no longer applicable.

Here, the Bureau exercised its authority under Section 1543(b) with respect to Appellee's first three convictions, it being the Bureau's position that until a fourth violation of Section 1543(a) occurred, Section 1542(a) was not applicable.[10] As soon as the Bureau was notified of Appellee's fourth offense, it then acted pursuant to Section 1542(a) and when the fifth offense occurred, the Bureau properly invoked Section 1542(e).

Thus, while it is obvious that the trial judge felt that the imposition of such a severe penalty upon a young driver's operating privileges was inappropriate, we are compelled to conclude that the Bureau's actions were not only authorized but mandated by the law.

Order reversed.

## ORDER

AND Now, this 9th day of June, 1981, the order of the Court of Common Pleas of Allegheny County, dated September 21, 1979, is reversed and the order of the Department of Transportation, Bureau of Traffic Safety, revoking the operating privileges of Keith Edward Gray for a period of eight and one-half years effective June 14, 1979, is reinstated.

---

[10] Since this interpretation of Section 1542(a) by the Bureau works to the Appellee's advantage in the instant appeal, we will take no position in this opinion as to whether Section 1542(a) becomes operative after the third or the fourth violation of Section 1543(a).