Robert R. Nolt, Jr., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs, October 8, 1981, to Judges MENCER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*William W. Boyd, Xakellis, Perezous & Mongiovi,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE WILLIAMS, JR., January 18, 1982:

Robert R. Nolt, Jr., appeals from an order of the Court of Common Pleas of Lancaster County which affirmed the revocation of his driver's license for 5 years.

On June 1, 1978, about 2:00 a.m., police of Manor Township commenced the vehicular pursuit of a car driven by Nolt. When it became clear that Nolt was refusing to stop, the police signaled ahead for the erection of a roadblock at the boundary of Manor Township and Millersville Borough. The appellant ran the roadblock and sped onward, which induced the Millersville police to give chase. Nolt next drove his car onto a side street and turned off the lights as he completed the turn. He then drove into a driveway, turned his car around, and proceeded back onto a highway with his car lights still off. As a result of this last maneuver, Nolt had to swerve to avoid hitting a police car. Nolt lost control of his car and came to rest in a cornfield.

As a result of the above episode, Nolt was charged with several violations of the Vehicle Code.[1] On De-

---

[1] 75 Pa. C. S. §101 *et seq.*

cember 20, 1978, he pled guilty to two counts of attempting to elude a police officer; one count of driving without lights to avoid identification or arrest; and one count of red-light violation.[2]

On May 8, 1979, the Department of Transportation revoked Nolt's driver's license for a period of 5 years, based on Section 1542 of the Vehicle Code,[3] the "habitual offender" provision. When the court below affirmed the 5 year revocation, Nolt's further appeal to us followed.

According to Section 1542(b) of the Code,[4] three convictions arising from separate acts of any one or more of certain enumerated offenses "committed either singularly or in combination by any person shall result in such person being designated as a habitual offender." By force of Section 1542(d)[5] the license of any person found to be a "habitual offender" shall be revoked for 5 years.

Appellant Nolt does not contest that his multiple convictions arising from the events of June 1, 1978, were for offenses or acts within the enumeration of Section 1542(b). Rather, he asserts that his offenses arose as the combined elements of a single episode, and thus did not put him in the status of a "habitual offender." The essence of this argument is that, to apply the word "habitual" to a person whose offenses arise from a single episode is contrary to the ordinary meaning of the word. In *Weaver v. Department of Transportation, Bureau of Traffic Safety,* 52 Pa. Commonwealth Ct. 625, 416 A.2d 628 (1980), we rejected this very argument as being meritless.

---

[2] Violations of Sections 3733, 3734, and 3112(a)(3)(i) of the Vehicle Code, 75 Pa. C. S. §§3733-3734, and 3112(a)(3)(i).

[3] 75 Pa. C. S. §1542.

[4] 75 Pa. C. S. §1542(b).

[5] 75 Pa. C. S. §1542(d).

The appellant's other contention is that Section 1542 of the Vehicle Code violates Article III, Section 3, of the Pennsylvania Constitution, which provides:[6]

> No bill shall be passed containing more than one subject, *which shall be clearly expressed in its title,* except a general appropriation bill or a bill codifying or compiling the law or a part thereof. (Emphasis added.)

In this regard, the appellant asserts that the title of Section 1542, "Revocation of habitual offender's license," does not clearly express that the provision applies to a person who commits multiple offenses on a given occasion. This argument was also rejected by our decision in the *Weaver* case.

We affirm the order of the lower court in the instant case.

### ORDER

AND Now, the 18th day of January, 1982, the order of the Court of Common Pleas of Lancaster County at Trust Book No. 45, Page 204, the above matter, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.

---

[6] Pa. Const. art. III, §3.