## Commonwealth v. Lucas

*Francis M. Back*, for Commonwealth.
*Murrel R. Walters, III*, for petitioner.

SHUGHART, *P.J.*, March 9, 1982 — This is an appeal by Joseph M. Lucas from a five year revocation of his driver's operating privileges. The Commonwealth contends that the revocation is mandated by the habitual offender provision of the Vehicle Code, 75 Pa.C.S.A. §1542. The issue presented is whether an individual who is convicted of three violations of the same section of the Vehicle Code as the result of a single, continuous act is an habitual offender under section 1542.

The parties stipulated to the facts at the November 18, 1981, hearing. They are as follows: On December 16, 1980, Lucas was issued three traffic citations, one each by the Hampden Township, Shiremanstown, and Lower Allen Township police departments, for fleeing a police officer, a violation of section 3733 of the Vehicle Code. The citations arose from a single, continuous act, albeit one which covered several local jurisdictions. On September 28, 1981, Lucas received notice of a five year revocation based on the Commonwealth's invocation of section 1542 following receipt of the third citation. This appeal followed.

Our inquiry is limited to determining whether Lucas has been convicted of the traffic violations — an undisputed fact — and whether the Commonwealth has faithfully observed the Vehicle Code in revoking his driving privileges: Com. v. Grobes, 45 Pa. Commonwealth Ct. 151, 405 A. 2d 588 (1979). Although Lucas's convictions may have been improper, consideration of their propriety would, at this stage, constitute an impermissible collateral

attack. See Com. v. Seiscio, 56 Pa. Commonwealth Ct. 45, 424 A. 2d 566 (1981); Nyman Motor Vehicle Operator License Case, 218 Pa. Superior Ct. 221, 275 A. 2d 836 (1971). Accordingly, for these purposes, all three convictions of section 3733 will be considered valid.

At the outset the distinction should be noted between this case and those which the Commonwealth finds dispositive. The Commonwealth relies upon Melcher v. Commonwealth, 58 Pa. Commonwealth Ct. 634, 428 A. 2d 773 (1981), where the court acknowledged that "[i]t is now settled law that a person who commits three offenses during a single, short-lived incident is an habitual offender under Section 1542." Id. at 636, 428 A. 2d at 774. In Melcher, however, the driver committed three *separate and distinct offenses:* he violated sections 3367, 3733, and 3734 of the Vehicle Code.* In the case at bar, Lucas was cited for the same offense three times, for what was barring jurisdictional boundaries, a single act. (Emphasis supplied.)

Neither party has cited any cases with facts similar to the ones before us, most likely because drivers usually are not issued multiple citations for the

---

*Similarly distinguishable is the line of cases cited by the Commonwealth: Nolt v. Commonwealth, _____ Pa. Commonwealth Ct. _____, 439 A. 2d 874 (1982); Com. v. Auman, 59 Pa. Commonwealth Ct. 468, 430 A. 2d 373 (1981); Com. v. Byers, 59 Pa. Commonwealth Ct. 404, 429 A. 2d 1274 (1981); Weaver v. Commonwealth, 52 Pa. Commonwealth Ct. 625, 416 A. 2d 628 (1980); and Brewster v. Commonwealth, 52 Pa. Commonwealth Ct. 112, 415 A. 2d 924 (1980). Com. v. Gray, 59 Pa. Commonwealth Ct. 590, 430 A. 2d 407 (1981), also cited by the Commonwealth, is inapposite. Gray did not involve the commission of multiple offenses during a single, continuous incident; rather, the driver had committed the same violation at different times.

same offense. In the absence of case law, the language of section 1542 provides our sole guidance. Section 1542 provides, in pertinent part:

"(a) General rule. — The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions *for the separate and distinct offenses* described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

"(b) Offenses enumerated. — Three convictions arising *from separate acts* of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a habitual offender." 75 Pa.C.S.A. §1542. (Emphasis supplied.)

The emphasized portions of the statute, which indicate the legislative intent "to protect the public from *repeated incidences* of careless driving," Com. v. McDevitt, 57 Pa. Commonwealth Ct. 589, 593, 427 A. 2d 280, 282 (1981) (Emphasis supplied), are dispositive of this case. The Commonwealth's position, which looks solely at the conviction record, would in effect render meaningless these qualifying clauses. But the "rules of statutory construction require (1) that whenever possible, effect must be given to all provisions of a legislative act and (2) that statutory language may not be supposed supererogatory." Id. at 593, 427 A. 2d at 282 (footnote omitted). If the legislature intended that section 1542 should be invoked by a record of convictions alone, then it certainly would

not have included the qualifying clauses. Accordingly, when a driver receives multiple citations for violation of the same code section, arising from a single, continuous act, the Commonwealth, after proper review of the citations, should recognize the inapplicability of section 1542. We conclude, after consideration of the language of the statute and intent of the legislature, that a routine, mechanical revocation of operating privileges under section 1542, based upon a conviction record alone, is inappropriate.

In the case at bar, Lucas was convicted of one offense, fleeing a police officer, which arose from a single act. Since he was not convicted of three "separate and distinct offenses" "arising from separate acts," 75 Pa.C.S.A. §1542, the Commonwealth's application of section 1542 of the Vehicle Code was error.

## ORDER

And now, March 9, 1982 for the reasons appearing in the opinion filed this date, the appeal of Joseph M. Lucas is sustained. The five year revocation of operating privileges imposed by the Commonwealth is hereby set aside.