**Pa. Department of Transportation v. DeCarlo**

*Scott M. Olin,* for PennDOT.
*Michael D. Marino,* for DeCarlo.

SUBERS, *J.*, January 18, 1985—On March 1, 1984, defendant Eileen DeCarlo received notice that her motor vehicle operating privileges were to be revoked for a period of five years pursuant to the habitual offender section of the Pennsylvania Motor Vehicle Code, 75 P.S. §1542. Defendant appealed this revocation to the court, and by order dated November 1, 1984, this appeal was dismissed. No appeal has been taken to the Commonwealth Court from this decision.

By notice dated April 20, 1984, defendant received notice that, as a result of her conviction of January 19, 1984, her operating privileges were revoked for two years additional to the five years' revocation referred to in the first paragraph of this opinion. This additional two-year revocation was allegedly pursuant to section 1542(e) of the Pennsylvania Motor Vehicle Code, 75 P.S. §1542(e). Defendant appealed this further revocation to the court, and by order of November 1, 1984, the appeal was sustained. The Commonwealth of Pennsylvania has appealed this decision to the Commonwealth Court.

## ISSUE

Whether the two-year revocation of defendant's operating privileges was authorized or required by section 1542(e) of the Pennsylvania Motor Vehicle Code.

## DISCUSSION

75 Pa.C.S. §1542(e) requires that a person who is found to be a habitual offender, and who has committed an additional offense will be subject to a two-year revocation of operating privileges additional to the five-year suspension imposed under section

1542(d). In the instant case defendant was not classified as a habitual offender until November 1, 1984 when this court dismissed her appeal. See 84-04300. The offense which the Commonwealth claims to be the "additional offense" which triggers the two-year additional revocation of section 1542(e), occurred before defendant was classified as a habitual offender. Defendant was convicted of this offense on January 19, 1984, over nine months before she was classified as a habitual offender by this court, and two months before she was notified of the Commonwealth's decision to seek this classification. It is clear to this court that an "additional offense," according to the plain meaning of this statute, cannot occur almost a year prior to a defendant's classification as a habitual offender. To find such a result would stretch ordinary logic to its breaking point.

The Commonwealth cites the cases of Commonwealth v. Gray, 59 Pa. Commw. 590, 430 A.2d 407 (1981); and Commonwealth v. Ebner, 59 Pa, Commw. 422, 429 A.2d 1275 (1981), as supporting its position. We strongly disagree with such an interpretation of these cases.

In Ebner, the court was interpreting section 1532(b)(2) of the Vehicle Code, which is not the statutory provision with which we are here concerned. In Gray, the factual situation was clearly different from that in the instant case. In Gray, supra, defendant had already been classified as a habitual offender prior to his conviction of an "additional offense" under section 1542(e); the difference between that situation and the instant case is both obvious and critical, since defendant DeCarlo was apparently convicted of violation of section 1543, *prior* to her classification as a habitual offender.

In light of the Commonwealth's reliance on the Ebner case, we note that in the court's language the key is the word "subsequent" and that "it is the conviction of _another_ offense that is critical." Ebner, supra, at 426, 1277.

It is clear from the record that defendant has not been convicted of any offense subsequent to her classification as a habitual offender on November 1, 1984. Therefore, this court properly sustained the appeal on that issue.

We also sustained defendant's appeal upon the failure of the Commonwealth to prove the conviction of January 19, 1984 for violation of section 1543. The record as set forth in Commonwealth's Exhibit no. 2 (C-2) shows only a letter to defendant dated April 20, 1984 informing her that, because of the conviction on January 19, 1984, she is receiving a further revocation of two years pursuant to section 1542(e) of the Vehicle Code.

The _only_ record in evidence of a _conviction_ on January 19, 1984 is for violation of section 3361 of the Vehicle Code, which conviction does not trigger any action under section 1542 for habitual offender. There is no evidence of even a final disposition of this charge since the certification statement indicates an appeal from this conviction, which appeal is still pending.

There is no evidence in the form of a citation or summons that defendant was charged with operating under suspension (section 1543) or conviction of this charge. The certification statement merely shows the nature of violation, the date of the violation and the action taken by the Department of Transportation. There is no evidence in this record of a conviction of violation of section 1543 on January 19, 1984, which conviction allegedly caused the

revocation under 1542(e) for the additional two years.

## CONCLUSION

Based on the foregoing analysis, the appeal of defendant was properly sustained. Accordingly, the order of this court of November 1, 1984 should be affirmed.