## Beveridge v. PennDOT

*William A. Kuhar Jr., deputy attorney general,* for the commonwealth.
*Brian J. Lindsay,* for plaintiff.

MILLER, *J.,* March 22, 1990 — Petitioner was involved in a long police chase which included two different and separate police departments. The ini-

tial pursuit was begun in Saegertown by a Saegertown police officer. Petitioner refused to stop and the chase continued into Meadville. Once inside the City of Meadville, a Meadville police officer also pursued petitioner. Petitioner therefore was being pursued by two different police departments simultaneously. Petitioner pled guilty to two counts of fleeing and attempting to elude police.[1] Petitioner also pled guilty to driving under the influence.[2] As a result of these convictions petitioner was considered a habitual offender[3] by Pennsylvania Department of Transportation and his driver's license was revoked for five years.

Petitioner now appeals his license revocation maintaining that the two fleeing or attempting to elude charges constitute only one offense, because it was one continuous chase and the Saegertown officer gave chase till the end.

## DISCUSSION

DOT must revoke the operating privileges of a person whose driving record shows three convictions for "separate and distinct offenses" where those offenses are among those enumerated by the statute and which are "committed either singularly or in combination" and by any such person (75 Pa.C.S. 1542). That section refers to revocation of the license of a "habitual offender." That is probably a misnomer. One would normally think of a "habitual offender" as a repeat offender and not one who has only one bad night and is a "multiple offender." However, the term "habitual offender" is clearly defined to mean anyone who amasses three

1.  75 Pa.C.S. §3733.
2.  75 Pa.C.S. §3731.
3.  75 Pa.C.S. §1542(a).

convictions no matter how long or short the period of time is in which those convictions are amassed.

Among the convictions that are included are those to which defendant pled guilty. Those include two counts of fleeing or attempting to elude a pursuing police vehicle (75 P.S. §3733).

Petitioner's "one-episode" argument fails. In *Reese v. Commonwealth, Department of Transportation,* 71 Pa. Commw. 244, 455 A.2d 232 (1983), one episode involving driving without lights to avoid the police in two municipalities was held to be two separate acts. In *Weaver v. Commonwealth, Department of Transportation,* 52 Pa. Commw. 625, 416 A.2d 628 (1980) one episode of driving under the influence, fleeing or attempting to flee to elude police and leaving the scene of an accident involving damage to attended property amounted to three convictions for license revocation purposes. In *Johnson v. Commonwealth,* 68 Pa. Commw. 384, 449 A.2d 121 (1982) a three-minute chase through three municipalities involving 10 Vehicle Code violations, including two violations of 75 Pa.C.S.§ 3733, resulted in a proper five-year license suspension. The various violations did not coalesce into one act merely because they occurred in a short period of time in one continuous episode. See also, *Commonwealth v. Aumon,* 59 Pa. Commw. 468, 430 A.2d 373 (1981), and *Nolt v. Commonwealth,* 64 Pa. Commw. 144, 439 A.2d 874 (1982).

Petitioner here attempted to elude the Saegertown and Meadville police departments, even though in one chase, first committed a singular offense and then committed offenses "in combination" as provided in section 1542.

The petitioner cites *Commonwealth v. Swope,* 23 D.&C. 3d 345 (1982) as compelling on the theory that it is the only case involving a continuous chase

rather than multiple violations of different code sections.[4] There the operator tried to elude a State Police officer and in a 16-minute chase two other State Police officers picked up at separate intervals to chase the defendant. He was ultimately stopped by the state trooper who last picked up the chase. The court held that there was one chase, not three, but not in a license suspension appeal case. In *Swope, supra,* the defendant filed a motion asking that all three criminal charges be consolidated into one charge on double jeopardy theories. We think that distinguishes *Swope* from this case and sets up the principles of law upon which this case should be cited.

This case should not be decided on whether or not there was one episode or a continuous chase. This court must be guided by the standards articulated in *Commonwealth, Department of Transportation v. Rinehart,* 113 Pa. Commw. 452, 537 A.2d 940 (1988).

"In a license revocation appeal, the trial court's scope of review is limited to a determination of whether the motorist was convicted and whether DOT acted in accordance with applicable law. The trial court cannot consider facts and circumstances surrounding the conviction because the relevant inquiry is whether the motorist was convicted, not whether he should have been convicted."

The license revocation appeal is a civil proceeding which is totally separate from any criminal charges which may have been brought against the licensee. *Radice v. Commonwealth, Department of Transportation,* 118 Pa. Commw. 627, 545 A.2d 1005 (1988). A reviewing court may not consider any claimed procedure defects or errors in the criminal

---

4. That argument is not entirely true. See *Johnson v. Commonwealth, supra.*

proceeding which formed the basis for the suspension or revocation. *Commonwealth, Department of Transportation v. Schmidt,* 57 Pa. Commw. 318, 426 A.2d 1222 (1981).

Instantly, petitioner's appeal constitutes a collateral attack on a criminal conviction. This court's inquiry is limited to determining whether petitioner has in fact been convicted of a traffic violation and whether DOT has faithfully observed the provisions of the Vehicle Code. *Commonwealth, Department of Transportation v. Gray,* 59 Pa. Commw. 590, 430 A.2d 407 (1981).

It is undisputed that petitioner was convicted for twice violating 75 Pa.C.S. §3733. These two convictions coupled with the DUI conviction place him within the purview of the habitual offender statute. The action taken by DOT was not only appropriate, but mandated. The merit of the conviction is not for DOT or the courts to decide, *Rinehart, supra.*

Finally, where a license suspension appeal is actually an attempt to attack a defect in the criminal proceeding which ultimately resulted in the suspension, the appeal must be dismissed. *Commonwealth, Department of Transportation v. Kintigh,* 52 Pa. Commw. 58, 415 A.2d 437 (1980).