**Ryan David GEITGEY**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 1997.

Decided Dec. 31, 1997.

Harold H. Cramer, King of Prussia, for appellant.

Douglas E. Straub, Mercer, for appellee.

Before KELLEY and FLAHERTY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Mercer County (trial court). The trial court's order granted Ryan David Geitgey's request to set aside DOT's six-month suspension of his operating privilege imposed pursuant to section 3717(e)(2)(ii) of the Vehicle Code,[1] and directed DOT to reissue a penalty in accordance with the trial court's decision. We reverse.

This appeal requires this court to construe the language of section 3717 of the Vehicle Code. 75 Pa.C.S. § 3717. Section 3717 provides, in pertinent part, as follows:

> (c) **Damage to real property by operation of motor vehicle prohibited.**—It is unlawful for a person to knowingly or recklessly cause damage to any real or personal property by means of the operation of a motor vehicle on private property. . . .
>
> * * *
>
> (e) **Offense defined.**—The following penalties shall apply:
>
> * * *
>
> (2) A person who violates subsection (c) or (d) commits a summary offense and

shall, upon conviction, be subject to the following penalties:

> (i) A fine of $500 for a first conviction of the offense.
>
> (ii) A fine of $1,000 plus suspension of operating privileges for a period of six months for a second or subsequent conviction of the offense.

The facts surrounding the instant appeal are not in dispute. On November 19, 1995, at 1:00 a.m., Geitgey struck an unattended vehicle. Thereafter, Geitgey was issued a citation for a violation of section 3717(c) of the Vehicle Code. Geitgey was convicted of this offense on November 28, 1995 and received a $500 fine in accordance with section 3717(e)(2)(i) of the Vehicle Code.

On November 19, 1995 at 1:13 a.m., Geitgey struck a second unattended vehicle and was cited a second time for a violation of section 3717(c). Geitgey was convicted of the second violation on January 16, 1996 and received a $1,000 fine and six-month operating privilege suspension in accordance with section 3717(e)(2)(ii). Geitgey appealed the six-month suspension to the trial court.

On appeal to the trial court, Geitgey argued that in order for the enhanced penalty under section 3717(e)(2)(ii) to apply to his second conviction, he must have been convicted of the first offense before he committed the second offense. Geitgey asserted that because his second citation for violating section 3717(c) occurred on November 19, 1995, and his first conviction did not occur until November 28, 1995, sentence enhancement is inapplicable.

The trial court first reviewed section 3717(e)(2) and determined that the statutory language was unambiguous. Next, the trial court examined the statutory language to determine at what point in time Geitgey's status, as a second offender, was established. Relying on the Superior Court's decision in *Commonwealth v. Beatty*, 411 Pa. Superior Ct. 450, 601 A.2d 1253 (1992), *aff'd*, 533 Pa. 322, 623 A.2d 814 (1993), the trial court determined that, because Geitgey had no prior convictions on the date of his second viola-

---

1. 75 Pa.C.S. § 3717(e)(2)(ii).

tion, penalty enhancement was not applicable.

In *Beatty*, the Superior Court was faced with the issue of whether the enhancement provision of the statutory penalty for section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731,[2] was illegally applied by the sentencing court where the court utilized as prior convictions those convictions occurring subsequent to the date of the DUI offense for which the defendant was sentenced. *Beatty* at 451, 601 A.2d at 1254. Beatty pled guilty to a charge of driving under the influence on November 6, 1989 and was sentenced on December 5, 1989. *Id.* He was sentenced to 90 days imprisonment based upon the sentencing court's finding that he had two prior convictions, one in 1983, and another in 1985. *Id.* at 452, 601 A.2d at 1254. Beatty was again charged with DUI for an offense occurring on July 9, 1989. *Id.* On July 5, 1990, Beatty was sentenced for the July 9, 1989 offense to the mandatory minimum of one-year imprisonment as a result of the sentencing court's determination that, at the time of sentencing, Beatty had three prior convictions within the previous seven years. *Id.*

On appeal to the Superior Court, Beatty argued that at the time of his July 9, 1989 offense he had not yet been convicted of the first offense as his guilty plea charge was not entered until four months after the July 9, 1989 offense. *Id.* Therefore, Beatty contended that the sentencing court improperly applied subsection (iv) of section 3731(e) (providing for enhancement for three prior convictions), instead of subsection (iii) (providing penalty enhancement for two prior convictions). *Id.*

The Superior Court stated that the court must focus on a defendant's status as a recidivist in order to properly apply the penalty enhancement provisions of section 3731(e). *Id.* The Superior Court held that when determining penalty enhancement under section 3731(e)(1), the sentencing court must utilize the date of the offense for which the defendant is to be sentenced, and determine the number of prior convictions as of that date. *Id.* at 454, 601 A.2d at 1255. The Superior Court stated that "[o]nly those convictions prior to the offense date and within the seven year look-back period shall be utilized to determine the applicable penalty enhancement pursuant to section 3731(e)(1)." *Id.*

Therefore, in the present matter, based on *Beatty*, the trial court sustained Geitgey's appeal, set aside DOT's imposition of the six-month suspension of Geitgey's operating privilege and ordered that DOT reissue a penalty in accordance with the court's decision. This appeal by DOT followed.

 On appeal herein, DOT contends that the trial court erred as a matter of law in disregarding the clear and unequivocal language of section 3717(e)(2)(ii) of the Vehicle Code.[3] DOT argues that section 3717(e)(2)(ii) plainly and simply mandates a suspension upon a person's second or subsequent conviction for violating section 3717(c) or (d). DOT argues that there is no requirement in section 3717(e)(2)(ii) that the first conviction be extant at the time that the second or subsequent conviction is committed.

DOT contends further that the trial court's reliance on *Beatty* was misplaced as the penalty enhancement provision of section 3731 of

**2.** Section 3731 of the Vehicle Code governs driving under the influence of alcohol or controlled substance. Section 3731(e) provides in pertinent part:

 **(e) Penalty.—**
 (1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree, except that a person convicted of a third or subsequent offense is guilty of a misdemeanor of the first degree, and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:
 * * *

 (iii) Not less than 90 days if the person has twice previously been convicted of ... an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.
 (iv) Not less than one year if the person has three times previously been convicted of ... an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

**3.** This court's scope of review, of course, includes questions of law. *Department of Transportation, Bureau of Driver Licensing v. Cern,* 145 Pa.Cmwlth. 647, 604 A.2d 1135 (1992).

the Vehicle Code contained an ambiguity while here there is no ambiguity; therefore, the court should not have utilized a recidivist philosophy to determine how to apply an enhancement penalty. We agree.

■■■ Our Supreme Court has held that the "recidivist philosophy"[4] is a valid tool in interpreting ambiguous statutory language. *Commonwealth v. Williams*, 539 Pa. 249, 252, 652 A.2d 283, 285 (1994). However, the "recidivist philosophy" is not a constitutional principle or mandate; therefore, the General Assembly is free to reject or replace it when enacting recidivist sentencing legislation. *Id.* If the General Assembly "enacts a statute which clearly expresses a different application, the 'recidivist philosophy' possesses no authority which would override clearly contrary statutory language." *Id.* Where there is no ambiguity in the language of a statute, there is no room for interpretation. 1 Pa. C.S. § 1921(b); *Williams*.

Herein, the statutory language of section 3717(e)(2)(ii) is unambiguous. A person who violates either subsection (c) or (d) of section 3717 commits a summary offense and shall, upon conviction, be fined $1,000 plus suspension of his or her operating privilege for a period of six months for a *second or subsequent conviction* of the offense. Clearly, this language does not mean, as Geitgey suggests, that a violator's operating privilege will be suspended for a period of six months if, *at the time of the commission of the offense*, the violator had a prior conviction for violating subsections (c) or (d) of section 3717. To adopt this interpretation would result in certain violators being penalized less than those who committed the same number of offenses depending on the timing of the violations and the convictions.

This court has previously rejected arguments advanced by individuals that multiple offenders should, based on when the violations and convictions occurred, expect a sanction equivalent to that imposed on a unitary violator. *See Department of Transportation, Bureau of Traffic Safety v. Ebner*, 59 Pa. Cmwlth. 422, 429 A.2d 1275 (1981); *Department of Transportation v. Morin*, 30 Pa. Cmwlth. 381, 373 A.2d 1170 (1977). In *Ebner*, we refused to conclude that the General Assembly intended that persons who commit the same number of offenses would not be treated equally under the penalty provisions of the Vehicle Code. *Ebner*, 429 A.2d at 1277.

As there is no ambiguity in the statutory language of section 3717(e)(2)(ii) of the Vehicle Code, there is no room for interpretation. As such, there was no basis for the trial court to impose the recidivist philosophy. Accordingly, the trial court erred in relying on *Beatty* in sustaining Geitgey's appeal from the imposition of a six-month suspension of Geitgey's operating privilege imposed by DOT pursuant to section 3717(e)(2)(ii) of the Vehicle Code.

Our reasoning and holding herein is in keeping with this court's decision in *Ebner*. In *Ebner*, the licensee was stopped at approximately 2:10 a.m. on February 18, 1978 for driving without a license and issued a citation for violating section 1501(a) of the Vehicle Code, 75 Pa.C.S. § 1501(a).[5] *Ebner*, 429 A.2d at 1276. On the same date, the licensee was again stopped at approximately 5:10 a.m. for the same offense and issued another citation. *Id.*

The licensee responded to the second citation and was found guilty on June 26, 1978. *Id.* The licensee did not respond to the first citation until DOT suspended his operating privilege for failure to respond in accordance

---

**4.** The "recidivist philosophy" has been described as follows:

It was not intended that the heavier penalty prescribed for the commission of a second offense should descend upon anyone, except the incorrigible one, who after being reproved, 'still hardeneth his neck.' If the heavier penalty prescribed for the second violation … is visited upon the one who has not had the benefit of the reproof of a first conviction, then the purpose of the statute is lost.

*Commonwealth v. Dickerson*, 533 Pa. 294, 299, 621 A.2d 990, 992 (1993) (quoting *Commonwealth v. Sutton*, 125 Pa. Superior Ct. 407, 413, 189 A. 556, 558 (1937)).

**5.** Section 1501(a) provides, in pertinent part, that "no person, except those expressly exempted, shall drive any motor vehicle upon a highway in the Commonwealth unless the person has a driver's license valid under the provisions of this chapter."

with section 1533 of the Vehicle Code, 75 Pa.C.S. § 1533. *Id.* Thereafter, the licensee responded to the first citation and was found guilty on March 19, 1979. *Id.*

Upon notification of the licensee's second conviction based upon the first citation, DOT imposed a six-month suspension of the licensee's operating privilege pursuant to section 1532(b)(2) of the Vehicle Code, 75 Pa.C.S. § 1532(b)(2). *Id.* Section 1532(b)(2) provided, in pertinent part, that DOT " 'shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of a subsequent offense under the following provisions: Section 1501(a) (relating to drivers required to be licensed).' " *Id.*

The licensee appealed his six-month suspension to the trial court, which sustained his appeal. *Id.* The trial court reasoned that since the offense charged by the first citation was the first offense committed by the licensee on February 18, 1978, the conviction thereon could not be the basis for a suspension since section 1532(b)(2) of the Vehicle Code mandated a suspension upon conviction of a *subsequent* offense. *Id.* 429 A.2d at 1276–77. DOT appealed the trial court's decision to this court. *Id.* 429 A.2d at 1277.

On appeal, this court reversed. We held that the trial court's interpretation of the word "subsequent" was too narrow and that what was intended by the General Assembly was a six month suspension upon conviction of an additional offense. *Id.* We stated that "[i]t is the *conviction* of another offense that is critical, for until a conviction is obtained there cannot be imposed the penalty provided by Section 1532(b)(2)." *Id.*

Likewise in the instant case, it is the conviction of a second or subsequent offense that is critical under section 3717(e)(2)(ii) of the Vehicle Code, not whether a person was convicted of a first offense when a second or subsequent offense occurs. Accordingly, the order of the trial court is reversed and DOT is directed to reinstate the six-month suspension of Geitgey's operating privilege imposed pursuant to section 3717(e)(2)(ii) of the Vehicle Code.

*ORDER*

NOW, this 31st day of December, 1997, the order of the Court of Common Pleas of Mercer County, dated November 8, 1996, at No. 1996–2056, is reversed. The Pennsylvania Department of Transportation, Bureau of Driver Licensing, is directed to reinstate the six-month suspension of Ryan David Geitgey's operating privilege imposed pursuant to section 3717(e)(2)(ii) of the Vehicle Code.