Thomas Lynn Brewster, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued May 5, 1980, before Judges WILKINSON, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*John J. Morgan,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., June 10, 1980:

Appellant, Thomas Lynn Brewster, appeals from an order of the Court of Common Pleas of Butler County dismissing his appeal from the suspension and subsequent revocation of his motor vehicle operator's license. We affirm.

On January 5, 1978, appellant pled guilty to three separate offenses enumerated in Section 1532 of the Vehicle Code, 75 Pa. C.S. §1532.[1] Upon the receipt of certification of conviction, the Department of Transportation (department) issued a notice of six-month suspension on September 25, 1978 for appellant's violation of Section 3733. On October 2, 1978, the department notified appellant of an additional six-month suspension for his violation of Section 3731, to run consecutively to the previous suspension. The department issued a notice on October 3, 1978 with regard to the violation of Section 3743, informing appellant that as a result of his third conviction his driving privileges were being revoked for a period

---

[1] Subsection (b) of Section 1532 provides:

(1) The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of any offense under the following provisions. . . .

The specific provisions of the Vehicle Code violated by appellant were: (1) Section 3731, 75 Pa. C.S. §3731, relating to driving under the influence of alcohol; (2) Section 3733, 75 Pa. C.S. §3733, relating to fleeing or attempting to elude police; and (3) Section 3743, 75 Pa. C.S. §3743, relating to accidents involving damage to attended vehicle or property.

of five years as required by Section 1542 of the Vehicle Code, 75 Pa. C.S. §1542. The five-year revocation was to run consecutively to the two earlier six-month suspensions.

Appellant first questions the applicability of Section 1542 under circumstances such as this where three offenses occur during a single "incident".[2] Section 1542 reads in pertinent part:

> (a) General rule.—The department shall revoke the operating privileges of any person found to be a habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

> (b) Offenses enumerated.—Three convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a habitual offender. . . .

The circumstances surrounding appellant's three convictions, it is urged, do not evidence "habitual" conduct in the common sense. Where, however, the

_____

[2] The precise details of the "incident" during which the three violations occurred do not appear on the instant record. However, we understand from counsel at oral argument that appellant, after attending a wedding and ingesting some amount of alcohol, got into his car and shortly and in close proximity incurred liability for the charges against him.

legislature has specifically defined a term, as in Section 1542 it has defined "habitual offender", this Court may not frustrate the clear legislative intent by interpreting such term according to its usual and customary meaning in disregard of the legislature's intended usage. Since the requisite offenses for purposes of Section 1542 may be "committed either singularly or in combination" we are constrained to agree with the department's application of Section 1542.

Appellant finally argues that no authority exists for the department's imposition of consecutive penalties. Section 1544 of the Vehicle Code, 75 Pa. C.S. §1544 provides the answer to appellant's contention.[3] *See also Department of Transportation, Bureau of Traffic Safety v. Von Altimus,* 49 Pa. Commonwealth Ct. 245, 410 A.2d 1303 (1980).

Accordingly, we will enter the following

ORDER

AND Now, June 10, 1980, the order of the Court of Common Pleas of Butler County, Civil Action, at Ms. D. No. 78-170, Book 41, Page 283, dated December 28, 1978 is hereby affirmed.

---

[3] Section 1544 provides in pertinent part:

(b) Additional suspension.—When any person's record shows an additional suspension of the operating privilege assessed during a period of suspension or revocation, the department shall extend the existing period of suspension or revocation for the appropriate period and the person shall be so notified in writing.

(c) Revocation during suspension.—When any person's record shows an additional conviction calling for revocation of the operating privilege during a period of suspension, the department shall add the appropriate revocation onto the period of suspension and the person shall be so notified in writing.