Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Jeffrey G. Auman, Appellee.

Submitted on briefs, April 6, 1981, to Judges MENCER, BLATT and MacPHAIL, sitting as a panel of three.

*Francis P. Back,* Assistant Attorney General, with him *Harold H. Cramer,* Assistant Attorney General, *Ward T. Williams,* Chief Counsel, Transportation, and *Harvey Bartle, III,* Acting Attorney General, for appellant.

*Blaine J. DeSantis, DeSantis & Koch,* for appellee.

OPINION BY JUDGE MENCER, June 4, 1981:

The Department of Transportation (Department) has appealed from an order of the Court of Common Pleas of Berks County reversing the Department's decision to revoke the operating license of Jeffrey G. Auman (appellee) for five years. We reverse.

On May 27, 1979, appellee was involved in a car accident with an oncoming automobile. He continued driving and, approximately two blocks later, struck another attended vehicle. Appellee again left the scene of the accident and struck two other unattended, parked vehicles in an attempt to get to his residence.

As a result of these incidents, appellee pled guilty to charges of violating the following sections of the Vehicle Code:

1) Section 3743, 75 Pa. C. S. §3743, two counts of leaving the scene of an accident involving damage to an attended vehicle or property;

2) Section 3745, 75 Pa. C. S. §3745, two counts of leaving the scene of an accident involving property damage only; and

3) Section 3731, 75 Pa. C. S. §3731, one count of driving while under the influence of alcohol.

After receiving the certified records of conviction, the Department imposed a six-month suspension for the Section 3731 conviction and a six-month suspension for one of the Section 3743 convictions. In processing the second Section 3743 conviction, the Department revoked appellee's license for five years, pursuant to Section 1542(b), 75 Pa. C. S. §1542(b), which provides that "[t]hree convictions arising from separate acts of any one or more of the following offenses committed either singly or in combination by a person shall result in such person being designated as a habitual offender."

The lower court, in interpreting Section 1542, ruled that, because appellee's violation arose from

a series of related events, he could not properly be deemed a "habitual offender." We disagree. The legislature has specifically defined the requisite offenses to include those "committed either singly or in combination." In such a case, the courts may not frustrate legislative intent by interpreting a term according to its usual and customary meaning, in disregard of the legislature's intended usage. *Brewster v. Department of Transportation,* 52 Pa. Commonwealth Ct. 112, 415 A.2d 922 (1980).

We must also reject appellee's similar contention that his convictions did not arise from "separate acts" since they were part of a single continuous episode. The acts of striking four automobiles at four different locations do not coalesce into one act merely because the accidents occur within a given segment of time. *See Department of Transportation, Bureau of Traffic Safety v. McDevitt,* 57 Pa. Commonwealth Ct. 589, 427 A.2d 280 (1981).

Order reversed.

### ORDER

AND Now, this 4th day of June, 1981, the order of the Court of Common Pleas of Berks County in the above captioned matter, dated January 28, 1980, is hereby reversed.