Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Cheryl A. Garvin, Appellee.

Argued February 1, 1982, before President Judge CRUMLISH and Judges CRAIG and MACPHAIL, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 15, 1982:

The Department of Transportation appeals a Butler County Common Pleas Court decision which reduced the period of Cheryl Garvin's license revocation. We reverse.

Garvin pleaded guilty to four counts of burglary. The Bureau of Highway Safety ordered, to run consecutively,[1] a one-year revocation of her driver's li-

---

[1] Section 1544 of the Vehicle Code, 75 Pa. C. S. §1544, deals with additional periods of revocation or suspension incurred while a license has already been suspended or revoked.

cense for each of the first two convictions;[2] a five-year revocation for her third conviction;[3] and a two-year revocation for her fourth conviction.[4]

The trial court reduced the terms by ordering concurrent revocations.

This Court, in *Department of Transportation, Bureau of Traffic Safety v. Altimus,* 49 Pa. Commonwealth Ct. 245, 410 A.2d 1303 (1980), held that revocations must be imposed consecutively. Additionally, in *Brewster v. Department of Transportation,* 52 Pa. Commonwealth Ct. 112, 415 A.2d 922 (1980), we concluded that the habitual offender provision calls for the imposition of a five-year revocation for the enumerated offenses committed either "singularly or in combination." *Id.* at 115, 415 A.2d at 924.

It is clear that Garvin was subject to the habitual offender section and that the trial court erred in de-

---

[2] Section 1532(a) provides:

(a) Revocation.—The department shall revoke the operating privilege of any driver for one year upon receiving a certified record of the driver's conviction of any of the following offenses:

(1) Any felony in the commission of which a court determines that a vehicle was essentially involved.

[3] Section 1542(a) provides:

(a) General rule.—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A "habitual offender" shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b). . . .

Section 1542(b)(5) then contains a provision identical to §1532(a)(1) *infra.*

[4] Section 1542(e) provides:

(e) Additional offenses.—Any additional offense committed within a period of five years shall result in a revocation for an additional period of two years.

termining that the revocations should run concurrently.

Reversed.

ORDER

The order of the Butler Common Pleas Court, M.D. No. 79-166 dated December 31, 1979, is reversed and the periods of revocation are hereby ordered to run consecutively.

Judge MENCER did not participate in the decision in this case.