Kenneth P. Reese, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs November 15, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Samuel K. Gates, Frankel & Gates,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *Francis P. Bach,* for appellee.

OPINION BY JUDGE DOYLE, January 18, 1983:

This is an appeal by Kenneth P. Reese (Appellant) from the order of the Court of Common Pleas of York County which affirmed the action of the Department of Transportation, Bureau of Traffic Safety (Department) suspending and revoking Appellant's operating privileges.

On September 6, 1977, Appellant operated his vehicle in a manner which resulted in four separate convictions for violations of the Vehicle Code. On January 31, 1978, the Department issued a notice of a six-month suspension for Appellant's violation of Section 3734 of the Vehicle Code (Code).[1] On May 16, 1978, the Department issued an additional six-month suspension, pursuant to Section 1544(b) of the Code,[2] as a result of Appellant's conviction for vio-

---

[1] 75 Pa. C. S. §3734. This section prohibits driving without lights to avoid identification or arrest.

[2] 75 Pa. C. S. §1544(b). This section provides for an extension of an existing period of suspension.

lating Section 3733 of the Code.[3]  Thereafter, on June 9, 1978, the Department imposed an additional twenty-five day suspension for Appellant's violation of Section 3362 of the Code.[4]  Finally, after receiving certification of a second conviction for violating Section 3734 of the Code, the Department issued a five-year revocation, pursuant to Section 1542 of the Code.[5] The suspensions ran consecutively and the revocation became effective immediately following the suspensions.[6]

Appellant first questions the application of Section 1542 of the Code which in pertinent part provides:

> (a) General rule.—The department shall revoke the operating privileges of any person found to be a habitual offender pursuant to the provisions of this section.  A "habitual offender" shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter.

---

[3] 75 Pa. C. S. §3733.  This section prohibits fleeing or attempting to elude a police officer.

[4] 75 Pa. C. S. §3362.  This section prohibits speeds in excess of maximum speed limits.  Appellant was convicted of travelling in excess of 100 m.p.h. in a posted 35 m.p.h. zone.

[5] 75 Pa. C. S. §1542.  This section provides for the revocation of a habitual offender's license.

[6] Appellant did not attempt to obtain a supersedeas of the Department's actions.  The consecutive periods of suspension have been served, and the Appellant is in the process of serving the five-year revocation.

(b) Offenses enumerated.—Three convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a habitual offender. . . .

Of the three convictions required to gain habitual offender status,[7] two of Appellant's convictions concern the same conduct, *i.e.*, driving without lights to avoid identification or arrest. These two convictions, both of which are the result of Appellant's actions on September 6, 1977, were entered by different jurisdictions. The Appellant drove without his headlights to avoid the police in each of two municipalities. Appellant argues that he does not come within the purview of Section 1542 because these convictions do not arise from separate acts as required by Subsection (b), as set forth above. We are not persuaded by this argument. Although there was but one episode, there were *three acts* which resulted in three convictions for violations enumerated by Section 1542 and this is sufficient to render the operator an habitual offender. *Weaver v. Department of Transportation, Bureau of Traffic Safety,* 52 Pa. Commonwealth Ct. 625, 416 A.2d 628 (1980); *Brewster v. Department of Transportation,* 52 Pa. Commonwealth Ct. 112, 415 A.2d 922 (1980). These separate and distinct offenses are not merged into a single act merely because the Appellant's conduct occurred during one continuous episode. *See Department of Transporta-*

---

[7] Appellant's conviction for speeding in violation of Section 3362, which constitutes the fourth conviction from the episode of September 6, 1977, is not included as an offense enumerated by Section 1542 of the Code, and therefore is not one of the three convictions which resulted in the revocation of Appellant's license.

248

*tion, Bureau of Traffic Safety v. Auman,* 59 Pa. Commonwealth Ct. 468, 430 A.2d 373 (1981).

Appellant's second argument suggests that multiple suspensions for the same episode constitutes an abuse of discretion. We must also reject this argument as without merit. See, *Weaver; Brewster.*

ORDER

Now, January 18, 1983, the order of the Court of Common Pleas of York County in the above referenced matter, dated February 5, 1980, is hereby affirmed.