## Commonwealth v. Bachman

*Thomas J. Hines,* for the Commonwealth.
*Gary Neil Asteak,* for defendant.

WILLIAMS, *P.J.,* November 7, 1983 — This matter is before the court on defendant's appeal from an order of the Pennsylvania Department of Transportation which suspended his driver's license for a period totaling seven years. Defendant's license was suspended pursuant to 75 Pa.C.S.A. §1542, the "habitual offender" provision of the Motor Vehicle Code. This appeal rests on the defendant's contention that Section 1542 of the Code is unconstitutionally vague in that it "fails to apprise motorists as to when and how revocation can occur pursuant to the terms of that section". A hearing was held in this matter on September 7, 1983, before this court, and exhibits were submitted and received without objection. The facts are not in dispute; defendant challenges the license suspension as a matter of law.

On March 7, 1978, defendant was involved in a two-vehicle accident and was cited under the "hit and run" section of the Code, 75 Pa.C.S.A. §3743, for failure to remain at the scene and give information. On March 13, 1978, defendant pled guilty to that charge, and paid the fine and costs incurred. Defendant's license was suspended for a period of six months, effective June 14, 1978.

On May 2, 1978, defendant was cited for "running a red light", 75 Pa.C.S.A. §3112(a)(3)(i). The fine and costs were paid on May 9, 1978, and defendant's license was suspended for a period of fifteen days, effective December 13, 1978.

Defendant's license was restored on December 28, 1978.

On January 12, 1979, defendant was cited for "fleeing or attempting to elude an officer", 75 Pa.C.S.A. §3733, when he refused to stop his vehicle as requested by an Easton police officer. On January 22, 1979, defendant pled guilty to that charge and paid the fine and costs incurred. Defendant's license was suspended for a period of six months, effective April 17, 1979.

Defendant's license was restored on October 17, 1979.

On November 6, 1980, defendant was charged with a number of offenses, both summary and misdemeanor, arising out of a single episode. Defendant pled guilty to the summary charge of "fleeing or attempting to elude an officer", 75 Pa.C.S.A. §3733, and the misdemeanor charge of "driving while under the influence", 75 Pa.C.S.A. §3731, on February 10, 1981. On April 16, 1981, defendant was sentenced to pay a fine and costs and to undergo imprisonment in the Northampton County Prison for not less than two months nor more than twelve months.

Upon receipt of the conviction certifications on June 22, 1981, the Pennsylvania Department of Transportation revoked defendant's driving privileges for a period totaling seven years pursuant to Section 1542 of the Code: a five-year suspension as a habitual offender based upon defendant's driving under the influence conviction and an additional two-year suspension resulting from the defendant's most recent summary conviction. A "habitual offender" is defined in Section 1542 as "any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b). . . ." 75 Pa.C.S.A. §1542(a). Subsection (b) refers to "convictions arising from separate acts of any one or more of the following offenses committed . . . by any person. . . ." 75 Pa.C.S.A. §1542(b). Subsection (d) provides for a revocation period of five years for any person found to be a habitual offender under the provisions of the section, and subsection (e) dictates an additional suspension period of two years for any additional offenses committed within a five-year period. 75 Pa.C.S.A. §1542(d)(e).

Our scope of review in this matter is limited to review of whether or not the Department acted properly upon receipt of the certificates of conviction. Dept. of Transportation v. Pattison, 52 Pa. Commw. 1, 415 A.2d 435 (1980); Dept. of Transportation v. Grobes, 45 Pa. Commw. 151, 405 A.2d 588 (1979). Under Section 1542(b)(1) of the Code, the Department shall revoke a person's license upon a showing of three convictions under Section 1532 of the Code. Defendant in this matter pled guilty to a charge of "hit and run", 75 Pa.C.S.A. §3743, §1532(b)(1), on March 13, 1978; pled guilty to a

charge of "fleeing or attempting to elude an officer", 75 Pa.C.S.A. §3733, §1532(b)(1), on January 22, 1979; and pled guilty to a charge of "driving while under the influence", 75 Pa.C.S.A. §3731, §1532(b)(3), on February 10, 1981. Defendant has not contested those convictions, and we find that the Department has shown that its actions were in accordance with the mandates of Section 1542 in imposing a five-year license suspension.

The Department's second action was to impose an additional suspension of two years based upon defendant's conviction under Section 3733 of February 10, 1981, and pursuant to Section 1542(e). Defendant alleged in his petition for appeal filed August 21, 1981, that said additional suspension was in violation of Section 1542 "insofar as the two consecutive suspensions arise from the same act and not from separate acts as required by Section 1542(b)". He further argues that "the double suspension constitutes double jeopardy", and that "the consecutive suspension is not an 'additional offense' within the meaning of Section 1542(e)". Essentially, defendant's petition for appeal argued that he should not receive an additional two-year revocation because his third and fourth offenses arose from the same factual episode.

At first glance, defendant's point appears to be well taken. It would seem contrary to the policy of the Code for a defendant to be categorized as a "habitual offender" solely as a consequence of multiple convictions arising from a single episode of events. However, Pennsylvania case law does not support the defendant's contention. It is well-settled that although the third and fourth convictions have arisen out of a single factual episode, they may be considered "separate acts", and hence may qualify as an "additional offense" within the meaning of Section

1542(e). Reese v. Dept. of Transportation, 71 Pa. Commw. 244, 455 A.2d 232 (1983); Weaver v. Dept. of Transportation, 52 Pa. Commw. 625, 415 A.2d 628 (1980); Brewster v. Dept. of Transportation, 52 Pa. Commw. 112, 415 A.2d 922 (1980). Defendant, ironically, concedes the interpretations of Section 1542 made by the courts in these decisions but strongly argues that "these interpretations are in derogation of the express wording of Section 1542". He contends that the terminology of Section 1542, as interpreted by the Pennsylvania courts, is vague and fails to apprise motorists as to when and how revocation can occur pursuant to that section.

We find little merit in defendant's due process contentions. Judicial interpretation of Section 1542 has been consistent and predictable. Furthermore, where the Pennsylvania legislature has specifically defined the term "habitual offender", the courts may not frustrate that clear legislative intent by interpreting the term according to its usual and customary meaning as the defendant suggests. Brewster, supra.

We find that the Department's actions were sustained by the record and accordingly enter the following

## ORDER OF COURT

And now, November 7, 1983, defendant's appeal is dismissed and the supersedeas heretofore entered is vacated.