## Commonwealth v. Kerstetter

*Francis P. Bach,* for Commonwealth, Department of Transportation.
*Roger V. Wiest,* for defendant.

McCLURE, *P.J.,* July 10, 1985 — A hearing was held June 13, 1985 on the appeal of Brian Allan Kerstetter from a suspension of his driving privileges by the Department of Transportation of the Commonwealth of Pennsylvania. The facts were stipulated by both counsel and briefs have been submitted by direction of the court. The matter is now before the court for disposition.

Appellant's driving privileges were suspended for a period of five years, effective May 7, 1985, based upon section 1542(a) of the Vehicle Code, 75 P.S.

§1542(a). The department determined appellant to be a "habitual offender" by virtue of the following offenses:

| Violation | Date of Violation | Date of Conviction |
| --- | --- | --- |
| Section 3731 | January 6, 1982 | July 19, 1982 |
| Section 3743 | June 12, 1984 | July 2, 1984 |
| Section 3733 | June 12, 1984 | January 21, 1985 |

The two offenses occurring June 12, 1984 both took place within the jurisdiction of Wade J. Brown, District Justice, and both arose from a continuous series of events; a high speed chase of defendant by the police. As ascertained from the traffic citations, the time of the incident involving section 3733 of the Vehicle Code occurred at 2:12 a.m.,* and the violation involving section 3743 of the Vehicle Code occurred at 2:16 a.m. on the same day.

Section 1542(a) of the Vehicle Code reads as follows:

"(a) *General rule.*—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b) committed after the effective date of this title and within any period of five years thereafter." The three offenses are clearly three of those enumerated in subsection (b) of section 1542; on this there is no dispute.

Appellant argues that the two offenses, committed only four minutes apart, in the jurisdiction of

---

*Defendant's brief erroneously states that the section 3733 offense took place at 2:15 a.m.

the same district justice and arising out of a continuous series of events, cannot be considered as "separate and distinct offenses" for the purpose of finding the defendant to be a "habitual offender" under section 1542(a).

The Commonwealth Court has, however, clearly rejected this argument.

"This court has consistently held that the five-year habitual-offender revocation takes effect *whenever* there are three convictions on section 1542(b) offenses, regardless of whether these offenses are committed within a narrow time frame or on separate occasions. Commonwealth v. Frye, 88 Pa. Commw. 380, 489 A.2d 984 (1985) allocatur granted, 508 Pa. 356, 497 A.2d 1330 (1985). See also Zanotto v. Commonwealth, 83 Pa. Commw. 69, 475 A.2d 1375 (1984); Reese v. Commonwealth, 71 Pa. Commw. 244, 455 A.2d 232 (1983); Johnson v. Commonwealth, 68 Pa. Commw. 384, 449 A.2d 121 (1982).

In the case at hand, the violations occurred at entirely different locations, although they may have been within the same magisterial district. The court in Frye, supra, made no reference to the location of the offenses and this court finds no basis for the argument that the location must be in different magisterial districts. In Reese, supra, the court held that two separate offenses were committed when defendant drove without his headlights to avoid the police in each of two municipalities.

In this case, the section 3733 offense occurred in the Borough of Northumberland and the citation was filed by a Northumberland Borough Police Officer. The section 3743 offense occurred in Point Township and the citation was filed by an officer of the Point Township Police Department. The fact that both offenses occurred within the same magis-

terial district is simply irrelevant. It is abundantly clear that the offenses are "separate and distinct" when they occur at entirely different locations, in two different municipalities, regardless of the time interval.

"Violations of the same section of the code which occur at three different locations 'do not coalesce into one act merely because the [offenses] occur within a given segment of time.'" Department of Transportation, Bureau of Traffic Safety v. Auman, 59 Pa. Commw. 468, 470, 430 A.2d 373, 374 (1981). Johnson, supra, 449 A.2d at 123.

Accordingly, the appeal will be denied and the case remanded to the Pennsylvania Department of Transportation for reinstatement of the suspension.

### ORDER

And now, this July 10, 1985, after a hearing held June 13, 1985, it is ordered that the appeal of Brian Allan Kerstetter is dismissed and the case is remanded to the Department of Transportation of the Commonwealth of Pennsylania for reinstatement of the revocation of the driving privileges of Brian Allan Kerstetter for a period of five years as mandated by section 1542(a) of the Vehicle Code.