## Commonwealth v. Zablotney

*Raymond A. Swan, assistant counsel,* for the commonwealth.

*David C. Klementik,* for defendant.

644

FIKE, J., April 29, 1987 — Edward F. Zablotney, t/a Honda World has appealed an order of the Department of Transportation suspending appellant's dealer registration plates and also suspending appellant's authorization to issue temporary registration plates.

Appellant was charged with six violations of Motor Vehicle Code, 75 Pa.C.S. §1103(d). The issue in this case is whether appellant should be penalized as a repeat offender under Department of Transportation's regulations, 67 Pa. Code, Chapter 53, §53.9(a)(13).

## FACTS

On February 12, 1986, Pennsylvania State Police Troopers Brown and Sandor investigated records of appellant's dealership situated in Windber, Pennsylvania. The troopers determined that appellant's business had violated Motor Vehicle Code section 1103(d) which reads in part as follows:

"(d) *Vehicles purchased from dealers* — If the application refers to a vehicle purchased from a dealer, the dealer shall mail or deliver the application to the department within 10 days of the date of purchase. . . ."

Six citations were issued. The citations named one of appellant's employees as defendant. Each citation charged a failure to send in a required application to the department within the required 10-day period. Although all of the citations were issued on February 12, 1986, the citations covered six separate applications involving six separate cars on six separate dates.

Citation no. 195571 referred to a vehicle sold on October 17, 1985; citation no. 195572 referred to a sale of a vehicle on September 25, 1985; citation no. 195573 referred to a vehicle sold on July 27, 1985;

citation no. 195574 referred to a vehicle sold on August 7, 1985; citation no. 195575 referred to a vehicle sold on June 26, 1985; and citation no. 195576 referred to a vehicle sold on September 5, 1985. Each citation charged a failure to send in the required paperwork within 10 days after the sale.

After departmental hearing, the Bureau of Motor Vehicles found that appellant had committed the violations. As a result, the department issued the subject-challenged order suspending appellant's dealer registration plates for one month pursuant to departmental regulation, 67 Pa. Code, Chapter 53, §53.9(a)(13), and suspending appellant's authorization to issue temporary registration plates for a period of one month pursuant to departmental regulation at 67 Pa. Code, Chapter 43, §43.11(a), category I(4).

Appellant does not contest the fact that the violations occurred or that the violations are properly chargeable to him. Accordingly, at argument, appellant withdrew its challenge to the suspension of authorization to issue temporary registration plates under 67 Pa. Code §43.11(a).

The sole issue raised by appellant is whether appellant's dealer registration plates are properly suspended for repeated violation of the vehicle code under 67 Pa. Code §53.9(a)(13).

Counsel's argument is that appellant had no prior record of violation, the citations were issued all on the same date and represent one single course of conduct, and that, therefore, appellant should not be categorized as a repeat offender.

## DISCUSSION

The department's regulations at 67 Pa. Code §53.9, read in part as follows:

"Sanctions for violations by dealer, manufacturer or miscellaneous motor vehicle business registrants:

"(a) *Schedule* — After providing an opportunity for a hearing, the department may impose suspensions on a registrant according to the following schedule of violations by the registrant, when the department finds upon sufficient evidence that:

. . .

"(13) The registrant has repeatedly violated the vehicle code (75 Pa.C.S. §101.9909) or this chapter. Section 53.9(a) also sets forth a schedule of penalties, which provides, inter alia, that for a first offense under subsection (13), a one-month suspension is indicated; for a second offense under subsection (13), a six-month suspension is indicated; and for a third offense, revocation."

Appellant does not contest the fact that appellant, as registrant, violated the Motor Vehicle Code as charged in the six citations. Appellant does argue, however, that he did not repeatedly violate the Motor Vehicle Code so as to call section 53.9(a)(13) into play.

We are not aware of, and counsel have not cited, any authority interpreting the repeated offender provisions in 67 Pa. Code §53.9(a)(13). We analogize, however, to the habitual offender provisions contained in Motor Vehicle Code, 75 Pa.C.S. §1542.

Our appellate courts have held on numerous occasions, that under the habitual offender provisions of Motor Vehicle Code, 75 Pa.C.S. §1542, separate and distinct offenses are not merged into a single act merely because a defendant's conduct occurred even during one continuous episode. *Reese v. Commonwealth, Department of Transportation,* 71 Pa. Commw. 244, 455 A.2d 232 (1983); *Johnson v. Commonwealth of Pennsylvania,* 68 Pa. Commw.

384, 449, A.2d 121 (1982); *Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Garvin,* 67 Pa. Commw. 424, 447 A.2d 695 (1982); *Nolt v. Commonwealth of Pennsylvania,* 64 Pa. Commw. 144, 439 A.2d 874 (1982); *Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Auman,* 59 Pa. Commw. 468, 430 A.2d 373 (1981); *Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Byers,* 59 Pa. Commw. 404, 429 A.2d 1274 (1981). In the instant case, although the citations were all issued on the same day, each citation dealt with a separate offense occurring on a separate date, with each offense involving a separate sale. Although the series of violations may have constituted a course of conduct, each violation constitutes a separate and distinct offense. We believe the department properly applied the repeat-offender provisions contained in its regulations at 67 Pa. Code §53.9(a)(13).

## ORDER

Now, this April 29, 1987, the appeal is dismissed and the Department of Transportation is authorized to reinstate the suspension order.