634 A.2d 692

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Donald Morris PERRUSO.**

Commonwealth Court of Pennsylvania.

Submitted March 12, 1993.

Decided Nov. 18, 1993.

Reargument Denied Jan. 12, 1994.

50

Marc A. Werlinsky, Asst. Counsel, Appellate Section, for appellant.

Brian M. Monahan for appellee.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals an order of the Court of Common Pleas of Northampton County which sustained an appeal of Donald Morris Perruso and ordered that the suspension of Perruso's operating privileges be limited to ninety days. We affirm.

On December 21, 1990, Perruso consented to a search of his car, during which the State Police found 10.8 grams of marijuana and a plastic bag containing hallucinogenic mushrooms (psilocyn). On October 7, 1991, Perruso pled guilty. As a result, Perruso was convicted of possession of a controlled substance, marijuana, in violation of 13(a)(16) of The Controlled Substance, Drug, Device and Cosmetic Act (the Drug Act), Act of April 14, 1972, P.L. 233, as amended, 35 P.S. § 780–113(a)(16), and possession of a controlled substance, psilocyn, also in violation of section 13(a)(16) of the Drug Act.

By official notice, dated and mailed on November 25, 1991, DOT notified Perruso that, as a result of his conviction on one count of violating section 13(a)(16) of the Drug Act, his operating privilege was scheduled to be suspended for a period of 90 days, in accordance with section 13(m) of the Drug Act. By a separate official notice also dated and mailed November 25, 1991, DOT notified Perruso that his operating privilege was scheduled to be suspended for one year as a result of a second conviction on the second count of violating section 13(a)(16). Perruso filed a single statutory appeal from the two notices, and after a hearing de novo, the Court of Common Pleas of Northampton County directed DOT to

suspend Perruso's operating privilege for 90 days for a first offense only.[1]  DOT now seeks our review.[2]

DOT argues that its suspension of Perruso's operating privilege for ninety days followed by a separate one year suspension for the two convictions was proper based upon section 13(m) of the Drug Act, 35 P.S. § 780–113(m).[3]  That section provides:

Notwithstanding any other provision in this act, any person, not a registrant, who possesses, sells, delivers, offers for sale, holds for sale or gives away any controlled substance, in addition to any other penalty provided in this or any act, upon *conviction* for a violation of this act, shall have his or her operating privilege suspended.  The clerk of any court of this Commonwealth, within ten days *after final judgment of conviction for violations of this act* requiring suspension under this section, shall send to the Department of Transportation a record of the conviction on a form provided by the Department of Transportation.  When the Department of Transportation suspends the operating privilege of a person under this subsection, the duration of the suspension shall be as follows:

(1) For a first *offense,* a period of 90 days from the date

---

**1.**  DOT did not challenge the validity of this single statutory appeal from two separate notices.  In *Department of Transportation, Bureau of Driver Licensing v. Slack,* 153 Pa.Commonwealth Ct. 4, 623 A.2d 364 (1992), *overruled on other grounds, Department of Transportation v. Buss,* 154 Pa.Commonwealth Ct. 118, 122 n. 3, 623 A.2d 369, 371 n. 3 (1993), we stated in dicta that the use of a single statutory appeal from separate notices suspending the registrations of *different automobiles* was improper.  In this case, we believe a single statutory appeal was proper because (1) all the criminal convictions were obtained at a single proceeding and (2) Perruso's *sole and individual* operator's privileges were being suspended.

**2.**  Our scope of review is limited to determining if the common pleas court committed an error of law or abused its discretion and ascertaining that all necessary findings of fact are supported by competent evidence.  *Commonwealth v. Danforth,* 530 Pa. 327, 608 A.2d 1044 (1992).

**3.**  Subsection (m) was added by the Act of December 22, 1989, P.L. 701, *as amended.*

of suspension.[4]

(2) For a second *offense*, a period of one year from the date of suspension.

(3) For a third *offense*, and any offense thereafter, a period of two years from the date of suspension. Any multiple suspensions imposed shall be served consecutively.

35 P.S. § 780–113(m) (emphasis added).[5]

DOT argues that because Perruso was convicted of two separate offenses, i.e., possession of marijuana and possession of psilocyn, it is required by section 13(m) to impose two separate suspensions. We believe that this simplistic approach cannot withstand critical analysis, given case law from the appellate courts of this Commonwealth.

Considerable confusion surrounds the application of the license suspension provisions of section 13(m) of the Drug Act. While the provisions of section 13(m) are triggered *only* by "convictions"[6], it is not clear from the language of the statute how to apply the provisions found in § 13(m)(2) and (3) which require further suspensions for additional "offenses."[7] How-

4. Section 13(m) was subsequently amended by the Act of April 16, 1992, P.L. 165, to extend the period of suspension for a first offense from 90 days to six months.

5. By section 11 of the Act of July 2, 1993, P.L. 233, No. 1993–58 (Act 58), the legislature repealed section 13(m) of the Drug Act, effective sixty days from July 2, 1993. Section 12 of Act 58 provides that "the repeal of the provisions of section 13(m) [of the Drug Act] by the act shall not affect any act done, liability incurred or right accrued or vested or affect any suit or prosecution pending or be instituted to enforce any right or penalty or to punish any offense under the authority of any statute repealed by this act." Section 4 of Act 58 amends 75 Pa.C.S. § 1532 by adding subsection (c) which contains provisions similar to the repealed provisions of section 13(m); those provisions become effective at the same time as the repeal of section 13(m).

6. There is no definition of "conviction" in the Drug Act. That term has a number of meanings, dependent upon the context in which the term is used. The Legislature here specifically refers to the "final judgment of conviction"; thus in the present context that a "conviction" occurs when the judgment of sentence is imposed.

7. The Drug Act does not define "offense"; however, the Supreme Court has defined the term "offense" as "a crime or misdemeanor, infringing public as distinguished from mere private rights, and punishable under

ever, we are guided by looking to the purpose of these provisions.

We believe that section 13(m), by providing more severe penalties for subsequent offenses, is essentially an enhancement provision. In *Frontini v. Department of Transportation*, 527 Pa. 448, 593 A.2d 410 (1991), our Supreme Court considered similar enhancement provisions contained in section 1542 of the Vehicle Code, 75 Pa.C.S. § 1542. As the Court stated:

> Statutes such as these, provide for enhanced penalties for individuals with a propensity to commit repeated offenses of the same type. Recidivist statutes serve the legitimate public policy of segregating from society those persons with propensities to commit crime, who by their repeated criminal acts demonstrate their unwillingness or inability to be rehabilitated.

*Frontini*, 527 Pa. at 451, 593 A.2d at 412. We believe this analysis is particularly relevant to the present case.

The court in *Frontini* recognized that the legislative purpose behind sentencing enhancement statutes is to deter offenders from repeating the criminal behavior which led to a prior conviction. However, until an offender has been convicted, the deterrent effect of an enhancement statute is not activated because only after the first conviction is the offender aware that further offending behavior will lead to more severe penalties. Viewing the provisions of section 13(m) in terms of the *Frontini* analysis, a person must have a *prior* "conviction" in order to be subject to the enhancement provisions.

■ However, DOT argues that each conviction constitutes an "offense" which triggers the § 13(m) provisions and allows for cumulative and increased penalties regardless of whether the convictions arose at the same time and from the same circumstances. All of the cases offered in support of DOT's proposition involve section 1542 of the Vehicle Code, which define a "habitual offender" as one having "three convictions

the criminal laws." *Commonwealth v. Brown*, 264 Pa. 85, 90, 107 A. 676, 679 (1919).

arising from separate acts of any one or more of the following offenses *committed singularly or in combination....*" As we stated in *Commonwealth v. Brewster*, 52 Pa.Commonwealth Ct. 112, 114–15, 415 A.2d 922, 924 (1980):

Where, however, the legislature has specifically defined a term, as in Section 1542 it has defined 'habitual offender', this Court may not frustrate the clear legislative intent by interpreting such according to its usual and customary meaning in disregard of the legislature's intended usage.

In the present case, the legislature, in enacting section 13(m) of the Drug Act, gave no authorization to treat one as a habitual offender for convictions arising from the same incident. If the legislature had intended the same result, it could have used the same language when passing section 13(m) more than ten years later. For that reason, DOT's argument in this regard is not supported by the cases based upon section 1542 of the Vehicle Code.[8]

It is clear that a person *who has no prior convictions under the Drug Act* is not among the class of persons which the legislature intended to subject to the penalty enhancement provisions of section 13(m). This view is buttressed by the Superior Court's opinion in *Commonwealth v. Tobin*, 411 Pa.Superior Ct. 460, 601 A.2d 1258 (1992). In *Tobin*, the defendant was arrested and charged with drunken driving. Seven months later, but prior to disposition of the first charges, the defendant was again arrested and charged with drunken driving. He pled guilty to both offenses at the same time. The trial court increased the sentence for the second conviction under the enhancement provisions of section 3731(e). However, the Superior Court held that enhancement

8. DOT argues that the legislature's specific provision for *consecutive* suspensions contained in section 13(m)(3) shows that it envisioned application of the enhancement provisions for convictions of separate offenses arising from the same criminal episode. We disagree. We believe the legislature's intention was to increase the punishment to the true recidivist. We must also point out that if DOT's rationale were followed the purpose of the enhancement provisions would be lost because the offender would have no opportunity to demonstrate a willingness to change the offensive behavior.

provisions of section 3731(e) of the Vehicle Code, 75 Pa.C.S. § 3731(e) could not be applied, explaining:

> It was not intended that the heavier penalty prescribed for the commission of a second offense should descend upon anyone except the incorrigible one, who after being reproved, "still hardeneth his neck." If the heavier penalty prescribed for the second violation ... is visited upon the one who has not had the benefit of the reproof of a first conviction, then the purpose of the statute is lost.

*Tobin,* 411 Pa.Superior Ct. at 463, 601 A.2d at 1260 (1992) (quoting *Commonwealth v. Sutton,* 125 Pa.Superior Ct. 407, 413, 189 A. 556, 558 (1937)) (quoting *Morgan v. Commonwealth,* 170 Ky. 400, 186 S.W. 132 (1916)).

■ We are convinced that where multiple convictions of the Drug Act arise from a single act, *and the defendant has no prior convictions under the Drug Act,* the enhancement provisions of section 13(m) are not applicable. As the Supreme Court stated in *Frontini,* "A habitual offender statute is recidivist in nature, concerning itself with the number of prior acts committed by the offender, as opposed to the multiple consequences of any one act." *Frontini,* 527 Pa. at 451, 593 A.2d at 412. In light of *Frontini,* we are constrained to reject DOT's interpretation of section 13(m) and hold that where one has been convicted of two or more violations of the Drug Act resulting from a single incident with no prior convictions under the Drug Act, the enhancement provisions of section 13(m) do not apply.[9]

Our interpretation does not conflict with our recent decision in *Commonwealth v. Lescisin,* 156 Pa.Commonwealth Ct. 666, 628 A.2d 1208 (1993). In that case, we allowed two consecutive 90 day license suspensions for two violations of the Drug Act committed on March 23, 1991.[10] In *Lescisin,* the issue

9. DOT's interpretation of the statute also raises serious constitutional issues. Our justice system does not sanction any instance where an individual is guilty by charge. One is cloaked with the presumption of innocence until that person is proved guilty beyond a reasonable doubt. Thus, the term "offense" in subsection (m) requires a previous conviction before the enhancement penalties are triggered and calculated.

10. Lescisin was convicted on both violations on January 24, 1992.

presented to this Court was whether the suspensions should run concurrently or consecutively. Unlike this case, the validity of two suspensions arising from the same incident was never challenged. We now examine this issue and given the legislative purpose of the Drug Act, we conclude that application of the enhancement principles cannot be sanctioned on the facts here because an individual who by a single act commits two offenses is not a habitual offender. *Frontini.*

Applying this rationale, we conclude that Perruso was charged with violating two provisions of the Drug Act on December 21, 1990, for which he pled guilty on October 7, 1991. Because Perruso had no prior convictions and the two convictions here arose out of a single incident, those convictions constitute a "first offense" under section 13(m). We are fully aware of the detrimental effect that drugs have on society; however, we also recognize *enhancement provisions are designed to deter future criminal behavior.* In the present case, there is no deterrent purpose to be served by suspending Perruso's operating privilege for an additional year under section 13(m)(2).[11] Thus, we affirm the lower court order which held that Perruso's operating privileges could be suspended for 90 days for a first offense only.

Affirmed.

## ORDER

AND NOW, this 18th day of November, 1993, the July 17, 1992 order of the Court of Common Pleas of Northampton County at No. 1991–C–10910 is affirmed.

---

11. DOT's reliance upon *Commonwealth v. Swavely,* 382 Pa.Superior Ct. 59, 554 A.2d 946, *petition for allowance of appeal denied,* 524 Pa. 619, 571 A.2d 382 (1989), is misplaced. In that case, the Superior Court held that the imposition of consecutive sentences for convictions of delivering two different controlled substances did not violate principles of double jeopardy. Suffice it to say that *Swavely* simply did not involve any legislative enhancement provisions and thus is not applicable to the present case.