Jeffrey D. YADZINSKI, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 25, 1998.
Decided Jan. 7, 1999.

**PELLEGRINI, Judge.**

Jeffrey D. Yadzinski (Licensee) appeals from an order of the Court of Common Pleas of Northampton County dismissing his statutory appeal from a two-year suspension of his operating privilege imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDot).

The facts of this case are not in dispute. On April 22, 1996, Licensee pled guilty and was convicted in the Court of Common Pleas of Lehigh County, Criminal Division, for violating Section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act)[1] relating to the delivery of a controlled substance on October 31, 1994 and December 13, 1994. On June 7, 1996, Licensee pled guilty and was convicted in the Court of Common Pleas of Northampton County, Criminal Division, for violating Section 13(a)(30) of the Drug Act on October 25, 1994. Upon certification to PennDot of Licensee's Lehigh County drug conviction, PennDot notified Licensee by official notice dated July 17, 1996, that his operating privilege was being suspended for six months for violating Section 13(a)(30) of the Drug Act pursuant to Section 1532(c)(1)(i) of the Vehicle Code, 75 Pa.C.S. §1532(c)(1)(i). Similarly, upon receipt of certification of Licensee's Northampton County drug conviction, PennDot notified Licensee by official notice dated August 21, 1996, that his operating privilege was being suspended for two years as required by 75 Pa.C.S. §1532(c)(1)(iii) for his violation of Section 13(a)(30) of the Drug Act. Licensee filed an appeal from the two-year suspension with the Court of Common Pleas of Northampton County, Civil Division (trial court).

At the *de novo* hearing before the trial court, PennDot offered into evidence a packet of certified documents including Licensee's driving record and proof of his convictions. Licensee stipulated to the accuracy of the documents, but argued that he should have only received a six-month suspension because his convictions arose from a single criminal episode. PennDot argued that be-

Tommaso V. Lonardo, Allentown, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before McGINLEY, J., PELLEGRINI, J., and LORD, Senior Judge.

---

1. Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §780–113(a)(30).

cause Licensee had been convicted of three "offenses" under the Drug Act, the two-year suspension was proper. The trial court dismissed Licensee's appeal and upheld the two-year suspension finding that Licensee had been convicted of three separate offenses under the Drug Act, and that a two-year suspension of his operating privileges was mandated by 75 Pa.C.S. §1532(c)(1)(iii) of the Vehicle Code. Licensee then filed this appeal from the trial court's affirmance of Penn-Dot's August 21, 1996 notice suspending his driving privilege for two years.[2]

Section 1532(c)(1) of the Vehicle Code provides the following penalties based upon a conviction as a result of a violation of the Drug Act:

(c) The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the person's *conviction of any offense* involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the law of the United States, this Commonwealth or any other state. (Emphasis added.)

(1) The period of suspension shall be as follows:

(i) For a first *offense*, a period of six months from the date of the suspension. (Emphasis added.)

(ii) For a second *offense*, a period of one year from the date of the suspension. (Emphasis added.)

(iii) For a third and any subsequent *offense* thereafter, a period of two years from the date of the suspension. (Emphasis added.)

Licensee contends that the trial court erred by upholding the two-year suspension of his driving privileges because his offenses resulting in his convictions under the Drug Act arose from the same criminal episode and he had no prior convictions; therefore, he should have been subject to a single six-month suspension for all three of his Drug Act convictions. Acknowledging that no cases have yet been decided under this section of the Vehicle Code, Licensee relies on our holdings in *Commonwealth v. Perruso*, 160 Pa.Cmwlth. 49, 634 A.2d 692 (Pa.Cmwlth. 1993), *petition for allowance of appeal denied*, 538 Pa. 650, 647 A.2d 904 (1994) and *Heisterkamp v. Department of Transportation*, 165 Pa.Cmwlth. 128, 644 A.2d 262 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 539 Pa. 670, 652 A.2d 840 (1994) to support his contention. Those cases involved similar scenarios to the one presented here but were resolved under the now repealed Section 13(m) of the Drug Act.[3]

In *Perruso*, licensee was convicted twice for violating the Drug Act when he was found to have two different controlled substances in his possession at the time of his arrest. Arguing that licensee was convicted of two separate offenses, PennDot suspended his operating privileges under Section 13(m) of the Drug Act for 90 days based upon the first conviction and for an additional year based on the second conviction. We held that although the Drug Act did not define

---

**2.** Our scope of review is limited to determining whether the trial court committed an error of law, abused its discretion, or whether the findings of fact are supported by competent evidence. *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992).

**3.** Section 13(m) of the Drug Act, 35 P.S. §780–113(m), which was repealed by the Act of June 28, 1993, P.L. 137, provided the following:

[A]ny person, not a registrant, who possesses, sells, delivers, offers for sale, holds for sale or gives away any controlled substance ... *upon conviction for a violation of this act*, shall have his or her operating privilege suspended ... When the Department of Transportation suspends the operating privilege of a person under this subsection, the duration of the suspension shall be as follows (emphasis added):

(1) For a first *offense*, a period of ninety days from the date of suspension. (Emphasis added.)

(2) For a second *offense*, a period of one year from the date of suspension. (Emphasis added.)

(3) For a third *offense*, and any *offense* thereafter, a period of two years from the date of suspension. Any multiple suspensions imposed shall be served consecutively. (Emphasis added.)

The substance of this repealed statute is now found at Section 1532(c)(1) of the Vehicle Code which reads the same as Section 13(m) of the Drug Act with the exception that the penalty for a first offense has been changed from ninety days to six months.

"offenses," separate convictions arising from one criminal episode did not warrant the imposition of additional penalties when the individual had no prior convictions under the Drug Act. We noted that Section 13(m) was essentially an enhancement provision and further explained:

> Statutes such as these, provide for enhanced penalties for individuals with a propensity to commit repeated offenses of the same type. Recidivist statutes serve the legitimate public policy of segregating from society those persons with propensities to commit crime, who · by their repeated criminal acts demonstrate their unwillingness or inability to be rehabilitated.

*Id.* at 695, (*quoting Frontini v. Department of Transportation,* 527 Pa. 448, 451, 593 A.2d 410, 412 (1991)). Because licensee did not have any prior convictions and his two convictions arose from one criminal episode, we determined that only the imposition of a penalty for a first offense or 90–day suspension was appropriate.

Similarly, in *Heisterkamp,* licensee pled guilty to 21 counts of violating the Drug Act over a period of seven months and was convicted for those violations. PennDot, however, suspended her driving privilege for a total of 39 years based upon the 21 separate offenses. Relying on our holding in *Perruso,* we held that where a licensee had been convicted of two or more violations of the Drug Act resulting from one incident with no prior convictions under the Drug Act, the enhancement provisions of Section 13(m) did not apply and a suspension of 90 days for a "first offense" was appropriate. We stated:

> Noting that the legislative purpose behind sentencing enhancement statutes was to deter offenders from repeating criminal behavior which led to a prior conviction, we determined that until an offender has been convicted, the deterrent effect of the enhancement statute is not activated because only after the first conviction is the offender aware that further offending behavior will lead to more severe penalties.

*Heisterkamp,* 644 A.2d at 266.

While not disagreeing that a six-month suspension should be imposed, PennDot sug- gests that there can be multiple "first offenses" based on our holding in *Lauer v. Department of Transportation,* 666 A.2d 779 (Pa.Cmwlth.1995), and argues that each of Licensee's convictions constituted a "first offense." In *Lauer,* licensee sold cocaine to an undercover police officer on three separate dates in September 1990. He was convicted for those violations and PennDot suspended his license for two years based on his three violations. Not finding that the violations arose from a single criminal episode, we cited our decision in *Brosius v. Department of Transportation, Bureau of Driver Licensing,* 664 A.2d 199, 202 (Pa.Cmwlth.1995), to explain that additional suspensions for multiple violations that resulted in more than one conviction were appropriate because:

> [W]hen a second offense is committed before the conviction occurs on the first offense, or the final judgement of conviction for multiple offenses occurs at the same time, and, the licensee does not have other extant drug convictions, all convictions will be deemed to be 'first offenses' mandating separate and consecutive terms of suspension. Since the General Assembly deemed the collateral civil penalty of the suspension of operating privileges of such importance as to make a suspension mandatory [citations omitted] we can not imagine that the General Assembly intended that a licensee should escape the consequences of his multiple violations simply because he received his final judgment of conviction for the separate and distinct multiple offenses on the same day. Therefore, each and every violation will carry its own 'first offense' mandatory suspension of ninety days.

Because nothing in the Drug Act precluded multiple "first offenses" for license suspensions, but simply required a conviction for the imposition of a license suspension, licensee received three concurrent 90–day suspensions of his driving privilege.

Assuming that Licensee's violations were the result of a single criminal episode[4] but

---

4. Licensee has repeatedly argued that all of his violations stemmed from one criminal episode.

PennDot apparently agrees with Licensee because at page 6 in footnote 2 of its brief, PennDot

resulted in two separate proceedings and convictions, the issue then is whether we should focus on the "single criminal episode" as we did in *Perruso* and *Heisterkamp* and order a single six-month suspension or only consider the number of convictions. In *Perruso* and *Heisterkamp,* we were attempting to define what an "offense" was within the meaning of "conviction for a violation" contained in the then-existing Section 13(m) of the Drug Act. We determined that a "single criminal episode" was the "offense"—not the "counts" charged resulting in the conviction. In effect, we were stating that the focus was on the "offense" and not on the conviction that resulted from those offenses. In this case, however, while we may have a single criminal episode, unlike in *Perruso* and *Heisterkamp,* we also have two separate convictions.

■ Section 1532(c)(1)(i) of the Vehicle Code provides that PennDot shall suspend the operating privilege of any driver for six months upon receiving a certified record of the person's *conviction of any offense* under the Drug Act. Because there are two convictions as a result of Licensee's violations under the Drug Act, the plain language of the Vehicle Code requires that each conviction be treated separately and the "single criminal episode" analysis is inapplicable. Applying *Lauer* to this case, Licensee was convicted twice for violations of the Drug Act, and an imposition of a six-month suspension for each of those "first offenses" is required. Because the only appeal before us is from the August 21, 1996 notice suspending his license for two years based upon his conviction in Northampton County, a single suspension of six months is appropriate.

Accordingly, the order of the trial court is affirmed but modified to reflect a six-month suspension of Licensee's driving privileges.

### *ORDER*

AND NOW, this 7th day of January, 1999, the order of the Court of Common Pleas of Northampton County is affirmed, but modi-

fied to reflect a six-month suspension of Jeffrey D. Yadzinski's driving privilege.

states that Licensee's appeal does not involve any        disputed facts.